ALEXANDER J. McRAE et al. vs. TIMOTHY A. SULLIVAN et al.

Submitted on briefs Jan. 10, 1894.　Affirmed Jan. 19, 1894.

No. 8486.

A former judgment of foreclosure is not a bar to an action on a collateral promise to pay the debt.

The case of *Washington Life Ins. Co.* v. *Marshall, ante*, p. 250, followed on the point that the obligation of a purchaser of mortgaged premises, who in his deed assumes and agrees to pay the mortgage as a part of the consideration of purchase, is collateral to the obligation of the mortgagor on the original mortgage indebtedness, and it is not merged in a judgment of foreclosure of the mortgage to which such purchaser is made a party, but in which no attempt is made to enforce his personal liability.

Appeal by defendant, Timothy A. Sullivan, from an order of the District Court of St. Louis County, *Chas. L. Lewis*, J., entered August 31, 1893, overruling his demurrer to the complaint.

On March 19, 1891, the plaintiffs, Alexander J. McRae and Michael Murphy, sold and conveyed to Edward Kennedy, John F. Gleason and John P. Thayer lot eighteen (18) in block forty six (46) in West Superior, Wisconsin, for $17,000. They paid $9,000 and gave to plaintiffs their notes due in six months for the residue, and secured them by a mortgage on the lot. On May 26, 1891, Gleason and

Thayer sold and conveyed an undivided half interest in the lot to the defendant, Timothy A. Sullivan. The deed recited that as a part of the purchase price, Sullivan agreed to assume and pay one half of the debt secured by the mortgage on the property. The notes were not paid and the plaintiffs on September 26, 1891, commenced an action in the Circuit Court of Douglas County, Wisconsin, to foreclose the mortgage and obtain judgment against the three mortgagors for any deficiency. Sullivan was made a defendant in that action because of his subsequent interest in the property, but as he was not a resident of that State no personal judgment against him was prayed. He appeared, however, in the action. Judgment of foreclosure and sale was obtained and the lot was sold. On the coming in of the report of sale a personal judgment was entered February 21, 1893 against the three mortgagors for the deficiency, $2,735.49.

On June 12, 1893, this action was commenced in the District Court of St. Louis County against Sullivan upon the obligation recited in his deed, to recover one half of this deficiency. The complaint stated these facts and defendant demurred, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled and he appeals.

*White & McKeon,* for appellant.

Defendant having been sued jointly with the mortgagors in Wisconsin for the foreclosure of the mortgage, where the plaintiffs asked and obtained judgment for the deficiency against the mortgagors, but neither asked or obtained such judgment against Sullivan, he is not liable to a suit here to enforce payment of the deficiency. The Wisconsin suit is a bar to this action. Such judgment could have been obtained against him in the foreclosure suit, but was not. The matter is *res judicata. Palmeter* v. *Carey,* 63 Wis. 426; *Witter* v. *Neeves,* 78 Wis. 547.

The principle is settled beyond dispute that a judgment concludes the rights of the parties in respect to the cause of action stated in the pleadings, on which it is rendered, whether the suit embraces the whole or only part of the demand constituting the cause of action. *Secor* v. *Sturgis,* 16 N. Y. 548; *Memmer* v. *Carey,* 30 Minn. 458; *Stark* v. *Starr,* 94 U. S. 477.

*Twomey & Morris,* for respondents.

Plaintiffs were not obliged to unite their demand for a judgment for any deficiency with their demand for a judgment of foreclosure. As they did not so demand a judgment against Sullivan for any deficiency, they can pursue their legal remedy against him in another action in this State. *Witter* v. *Neeves,* 78 Wis. 547.

The fact that Sullivan was not within the jurisdiction of the Wisconsin court when the foreclosure suit was commenced is a sufficient reason for allowing a separate suit against him here for the deficiency. 2 Jones, Mortg. § 1223; *Dixon* v. *Merritt,* 21 Minn. 196; *Linne* v. *Stout,* 44 Minn. 110.

The plaintiffs had two causes of action against Sullivan, one to foreclose the mortgage, and the other on his contract of assumption of the debt. They were not compelled to join them in one action, although they were of such a nature that the law would permit their union.

CANTY, J. This is an appeal from an order overruling the demurrer of the defendant Sullivan to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The complaint alleges that plaintiffs were the owners of certain land in Wisconsin, which they sold and conveyed to the other defendants, who gave their notes, secured by a mortgage, for the purchase price. That thereafter those defendants sold and conveyed by warranty deed an undivided one-half interest in the land to the defendant Sullivan, who in consideration thereof in and by the deed assumed and agreed to pay one-half of said mortgage indebtedness; that thereafter an action was commenced in the circuit court in Douglas county, Wis., by these plaintiffs, against all of the defendants, to foreclose said mortgage; that personal judgment was in the complaint demanded against the other defendants for any deficiency, but not against Sullivan, as he was not a resident of that state; that all of the defendants appeared in that action, and judgment of foreclosure was entered, the land sold under it, and judgment for the deficiency, being the sum of $2,735.49, was duly entered against the other defendants, but no judgment for any deficiency was entered against Sullivan.

The case of *Washington Life Ins. Co.* v. *Marshall, ante,* p. 250, disposes of this case. It is there said: "The obligation of these defendants [the purchasers subject to a mortgage which they assume and agree to pay] is collateral to the original mortgage indebtedness; and the mortgagee need not accept the security of that liability, or sue upon it, until he sees fit to do so. It is not merged in such a judgment of foreclosure."

The defendant has made no other point worthy of notice.

The order appealed from is affirmed.

(Opinion published 57 N. W. Rep. 659.)

